(Hamilton County Court of Common Pleas.)

THE FOUNTAIN SQUARE THEATER COMPANY, v. CHARLES E. EVANS et al.

Damages cannot be recovered on account of the breach of a contract which is rendered illegal in part because of a provision for a theatrical performance on Sunday.

---

SAYLER J.

The plaintiff sets up in its petition that it is a corporation organized under the laws of Ohio for the purpose of owning and operating a theater to be used as a place of amusement and entertainment and all things incident thereto; that in pursuance of its legal business, on the 18th day of July, 1892, it entered into a contract with the defendants, by the terms of which the defendants agreed and bound themselves to play at the theater of the plaintiff's in Cincinnati for a period of seven nights and four matinees, commencing with March 12, 1893, and ending with March 18, 1893, a certain production known as, etc., with first-class artists, etc.; that as a consideration for said performances it agreed to pay to the said defendant sixty per cent. of the gross receipts of each and every performance, with a guarantee that the receipts of the defendants should reach $1,500 during such week; that the plaintiff performed all the conditions of the contract on its part, etc.; but that said defendants failed and refused to comply with the terms of said contract; that they failed and refused to furnish said play with said performers at said time as agreed upon; that by reason thereof the theater of the plaintiff was closed during said period of time, to its damages in the sum of $10,000, for which it asks judgment.

One of the defendants demurs to the petition.

Under the terms of the petition the plaintiff stipulated for, and the defendants agreed to give, one or more performances on the 12th day of March, which was a Sunday.

By Section 7032a it is made unlawful for any one to participate in, or to exhibit to the public, in any building, etc., any theatrical or dramatic performance of any kind on Sunday.

I take the contract set out in the petition to be an entire one (2 Parsons on Contracts, Section 517, et seq.) In so far as Sunday performances are stipulated for, it is illegal, and this would seem to make the whole contract void, (20 Ohio St., 431, 435; 36 Ohio St., 442, 447; Wald's Pollock on Contracts, 321.)

But if it be held that the contract is separable, and that the illegal part may be separated from the other portions, and that such other portions are legal: yet, as the defendants failed to comply with any part of the contract, including the part calling for Sunday performances, and the action of the plaintiff is for damages for such breach; this claim for damages would seem to be an en-

tire one, and not apportionable; the damages for violation of the illegal and of the legal portion of the contract can not be separated.

It seems to me,. therefore, that the plaintiff can not recover on the cause of action set up in the petition.

The demurrer will be sustained.

D. D. Woodmansee for plaintiff; Kramer & Kramer, contra.